Wilkin, J.
The petition states that the plaintiff was employed February 11, 1910,, as a car repairer to work in defendant’s yard “A,” and that it was customary and unavoidable for employes to go between and under cars. There were a large number of tracks. The car which injured plaintiff was standing on one track parallel to the track upon which was another car, upon which plaintiff was operating a “pull-jack,” as he was required to do in repairing the doors of said car, and it was customary and necessary for the operator to take a position .between the trucks and under the car on the track opposite to the car which he was repairing. While he was so engaged defendant negligently caused the car under which he had taken his position to work the iack, to be suddenly propelled forward, *11 and the rear wheels struck him, crushed his left thigh and caused him permanent injuries.
He says the negligence consisted in this: He informed defendant he had never had any experience and was wholly ignorant of the dangers incident to such employment, and the defendant did not instruct him as to. such dangers. Further, defendant caused its locomotive to propel the cars standing on the track where he was in position, so as to bump and push the car under which he was, without giving any notice or warning; and the defendant provided no means whatever for plaintiff’s protection against sudden movement of the car.
The court of common pleas directed a verdict for the defendant at the close of the plaintiff’s evidence, on the ground that there was no proof that the company knew that the plaintiff was in a position of danger, on authority of The Erie Rd. Co. v. McCormick, 69 Ohio St., 45. The court of appeals sustained the common pleas on the ground that the evidence on plaintiff’s part showed that he was guilty of contributory negligence in taking the position which he took over the rail and under the car opposite to the car upon which he was operating with the pull-jack.
The pull-jack is composed of a jackscrew about two and a half feet long, having hooks on each end, and operated by a ratchet wheel and lever at the middle, so as to pull the ends toward the middle. Its weight is about one hundred pounds. One end is hooked to the track rail opposite the car upon which the work is to be done and to the other hook is attached a chain whose other end is attached to the part of the car upon which power is to be ap *12 plied. In this case the purpose was to pull up the trapdoor of a hopper car. The pull-jack is operated within the devil-strip between the tracks, by-two men, one on each side of it alternately pulling the lever toward him. The plaintiff was instructed how to work it by ocular demonstration of its use, but was not given any warning of dangers incident to its use ánd operation at the place and in the manner described. He worked with his companion, closing the doors upon this and one or two other hopper cars upon the opposite or north side of the car, and they were directed by their foreman to go around to the south side and close the doors by use of the pull-jack in the same manner that they had used it on the north side. Instead of taking a position on one side of the pull-jack opposite his companion, he crouched down upon the same side with his companion, and at the left of his companion, sitting with his left hip upon the rail between the trucks, under the car which was suddenly moved, so that he was caught and pinched under the forward wheel of the rear truck.
The plaintiff lacked a few days of twenty-one years óf age; his life had been spent on a farm; he had worked but three days for the company in the shop yards tightening bolts on cars, and on the fourth day at two o’clock he was directed by the foreman to go outside the shop yards to the repair tracks and work with the pull-jack.
The defendant company contends that the plaintiff had sufficient age and maturity of judgment to understand the dangers incident to the nature and place of the work with a simple appliance, such as a pull-jack, after the.method of the work had been *13 exhibited to him; and that the company had no reason to expect that he would place himself in a position so manifestly dangerous as the one he took upon the rail under a car in the yards, and therefore they were not required to place a flag or watchman at that point to guard against a movement of the cars at the place where he was at work.
On the other hand, he said he had no apprehension of the danger because he had no knowledge of the methods of operations in railroad yards, but he supposed that the cars would remain stationary upon the tracks where men were placed to work about them with an instrument such as this, which required the efforts of two men to put it over the track rail, and, for that purpose at least, to place their bodies in part under the car and across the rail; and that the company should at least have warned him that the cars would be or might be suddenly put in motion upon the three parallel tracks where he was sent to work.
We think the case of The Erie Rd. Co. v. McCormick, 69 Ohio St., 45, does not apply. There was sufficient proof in support of the plaintiff’s contention to require the submission of the issue to the jury, and there was no such clear and indubitable evidence of contributory negligence in plaintiff’s proof as conclusively to defeat his right of recovery even at common law. But under our statute, Section 9018, General Code, no matter how slight or how strong the proof of negligence, the question must be submitted to the jury, and in any event if the contributory negligence were proven, though by the plaintiff’s evidence, it could not bar a recovery where that negligence is slight in comparison with the employer’s negligence.
*14 Therefore, the common pleas erred in withdrawing the question from the jury and directing a verdict for the defendant.
The defendant makes the point that the essential elements of the plaintiff’s case were: (1) The necessity of his sitting on the rail, (2) the company’s actual knowledge of such necessity, (3) plaintiff’s immaturity of judgment, and (4) the defendant’s failure to apprise him of his danger. This is too narrow a construction of his petition. We think it presents a simple case of the master’s sending an immature, ignorant and inexperienced servant to work in a place of danger without warning him or guarding him from the dangers natural to that place in connection with the implements with which he was required to work there. This servant had a right to presume that while he and his fellow servant were attaching the pull-jack to the rail under the car, as they had been instructed, and during the time they were working with it thus hooked over the rail and until they had removed it, the car would not be moved. The defendant company is chargeable in law with knowledge of the hazards incident to the nature of the work which the foreman directs the employe to do, and it was the duty of the foreman to place a lookout, or signal, or take some other reasonably adequate means or precaution, to protect him while he was in that place of danger. His sitting on the rail is one of the incidents of the transaction which suggests the question of contributory negligence, but it is not a principal nor an essential feature of his cause of action. His petition shows a complete right of action without any reference to the question of the *15 necessity of sitting on the rail; and his allegation that “it was customary and unavoidable for employes to go between and under the cars,” was merely descriptive of the nature of the work, by way .of shoeing that the defendant was aware of its dangers. Compare Haun v. C., C., C. & St. L. Ry. Co., 28 C. C., 422, 7 C. C., N. S., 379, affirmed 73 Ohio St., 399.
Judgments of the court of appeals and of the common pleas are reversed, and the cause is remanded for further proceedings according to law.

Judgments reversed.

Johnson, Donahue and Wanamaker, JJ., concur. Nichols, C. J., and Newman, J., not participating.